IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Tiffany Grear, | Case No. 3:13 CV 2407 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

### INTRODUCTION

In this social security appeal, Plaintiff Tiffany Grear timely filed a Complaint (Doc. 1) against the Commissioner of Social Security, seeking judicial review of the Commissioner's decision to deny claims for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB") and Supplemental Social Security Income ("SSI").  This Court has jurisdiction under 42 U.S.C. § 405(g).

This case was referred to Magistrate Judge White who issued a Report and Recommendation ("R&R") recommending this Court affirm Commissioner's denial of benefits (Doc. 17).  Before this Court is Plaintiff's Objection to the R&R (Doc. 18) and the Commissioner's Response (Doc. 19). Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §§ 636(b)(1)(B) & (C), this Court has made a de novo determination of the Magistrate Judge's findings.  For the reasons below, this Court adopts the recommendation to deny the claims for benefits.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background from the administrative record, and this Court adopts them in their entirety (*see* Doc. 17 at 2–3). Briefly, Plaintiff is now 50 years old. She previously worked as a dispatcher for a trucking company and gas station clerk and had worked continuously between 1982 and 2007, the date of her alleged onset of disability. She is a high school graduate. Plaintiff's disability claims are premised on her morbid obesity (Plaintiff is 5'4" and weighs 443 pounds), osteoarthritis, depression, anxiety, effects from a colon resection performed in 2000, breathing problems, and sleep apnea.

The Administrative Law Judge ("ALJ") concluded that only Plaintiff's morbid obesity and osteoarthritis constituted "severe impairments" under the third step of the sequential analysis (AR 53) and that these impairments did not meet a listed impairment in 20 C.F.R. Part 404 (AR 56). The ALJ concluded that, considering Plaintiff's residual functional capacity ("RFC"), jobs exist in significant numbers in the national economy (AR 56–60).

## STANDARD OF REVIEW

In reviewing a denial of POD, SSI, or DIB, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

2

*Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)). Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, the court cannot overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

## DISCUSSION

Plaintiff objects to the ALJ's RFC finding, which was (AR 56):

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant should never climb ladders, ropes, or scaffolds. She should never crawl. She can occasionally climb ramps and stairs. She can occasionally (1/3 of the time) stoop, kneel, and crouch. She should avoid all hazardous machinery and heights. She is able to understand and carryout both simple and complex tasks that do not require strict production demands. She would be able to interact appropriately with others but would work best in an environment that does not require contact with the public on an occasional basis. The work should be low stress and non-production paced. The claimant would need a sit/stand, at-will work option.

She contends the ALJ "failed to properly consider [her] morbid obesity and the fact that—in combination with her other impairments—the record indicates that she would not be able to bend, push, or pull one-third of the day" (Doc. 18 at 1). Plaintiff further disagrees with the finding that she can occasionally stoop, kneel, and crouch and contends the ALJ (and R&R) fails to account for medical records indicating she required a cane or walker in order to ambulate. She also contends the ALJ failed to account for medical evidence demonstrating "possible cervical myelopathy due to an inability to raise her arms after surgery" (Doc. 18 at 3). Because the RFC did not accurately reflect Plaintiff's abilities, she argues the vocational expert's testimony premised on the RFC cannot support the ALJ's findings.

3

The Commissioner argues that Plaintiff did not raise this issue in her initial briefing or reply, instead focusing her appeal to this Court on the weight the ALJ gave her treating physician, Dr. Krendl and the ALJ's finding that, aside from her obesity and osteoarthritis, Plaintiff's other conditions did not constitute "severe impairments" (Doc. 19 at 1). But, Plaintiff's Opening Brief did argue that the "ALJ failed to construct an appropriate residual functional capacity that considered the full extent of *all* her impairments, including her morbid obesity" (Doc. 14 at 17) (emphasis in original).

In assessing Plaintiff's RFC, the ALJ did factor in her obesity. First and foremost, the ALJ found Plaintiff's obesity to be a "severe impairment" at the second step of the sequential analysis and then considered that impairment throughout the remaining steps. In addition, the ALJ further limited the residual functional assessment conclusions from Dr. Muhammad Khan in recognition of Plaintiff's obesity. "I gave some weight to Dr. Kahn's opinion as it is supported by the medical evidence but I placed the claimant at a more restrictive level of exertion to accommodate what appear to be the effects of her obesity" (AR 58).

To the extent Plaintiff contends the ALJ was required to make an RFC finding reflecting Dr. Krendl's functional assessment opinion (AR 476–88) that Plaintiff can never sit, stoop, kneel, or crouch and that she was unable to ambulate, the ALJ adequately explained why Kr. Krendl's opinion was afforded "some" but not "controlling" weight (AR 58), and this Court adopts the R&R's analysis concluding the same.

**CONCLUSION**

Plaintiff's Objection (Doc. 18) is overruled. This Court adopts the R&R (Doc. 17) as supplemented with the above findings regarding Plaintiff's RFC. The claims for benefits are denied.

IT IS SO ORDERED.

               s/ *Jack Zouhary*
               JACK ZOUHARY
               U. S. DISTRICT JUDGE

               November 17, 2014